# STATE OF MICHIGAN

# COURT OF APPEALS

EARLENE LEWIS,

      Plaintiff-Appellant,

v

WAYNE COUNTY PROSECUTOR'S OFFICE

      Defendant-Appellee.

UNPUBLISHED
April 26, 2016

No. 322935
Wayne Circuit Court
LC No. 14-007779-CF

Before: RONAYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

RONAYNE KRAUSE, J. (*dissenting*)

I respectfully dissent. The majority's dismissal of this matter on the basis that "there was no evidence that the settlement agreement was invalid" ignores the fact that the trial court did not permit plaintiff to submit any evidence to that effect. I appreciate that the civil forfeiture laws legally grant the state and its agents the practical effect of nearly unfettered power to seize property, but I believe that *a contract is still a contract*. I also appreciate that plaintiff's claim of duress may be difficult to prove, in no small part because the law restricts what legally constitutes "duress" to a much smaller field than what is true in the real world. However, plaintiff was given *no* opportunity to make even the barest prima facie case, and indeed was threatened with contempt for, apparently, having the audacity to suggest that maybe she had some actual rights. The majority fairly and accurately states the law, but its conclusion rests on the fact that plaintiff failed to prove her claim—which, again, she was not given an opportunity to do. Bluntly, I fail to see how the judiciary can expect any respect for the law to be maintained when a litigant is not allowed to make a full and fair record. I would remand to the trial court with instructions to afford plaintiff a *meaningful* opportunity to at least attempt to present her case.

/s/ Amy Ronayne Krause